IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No.: 1:21-cv-3729 ) |
| BERNER FOOD & BEVERAGE, LLC, BERNER FOOD & BEVERAGE, INC., f/k/a BERNER FOODS, INC., and ADAM WICHMAN. | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, HARTFORD FIRE INSURANCE COMPANY ("Hartford") by its attorneys, Michael J. Duffy and Alexandrea Y. Diaz of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants Berner Food & Beverage, LLC, Berner Food & Beverage, Inc., f/k/a Berner Foods, Inc. (collectively referred to herein as "Berner"), and Adam Wichman ("Wichman"), states as follows:

**STATEMENT OF CASE**

1. This action seeks a declaration that Hartford owes no insurance coverage obligations to Berner in connection with the claims against it in a lawsuit styled as *Adam Wichman v. Berner Food & Beverage, LLC and Berner Food & Beverage, Inc., f/n/a Berner Foods, Inc.,* Case Number 20-L-31, currently pending in the Circuit Court of the Fifteenth Judicial Circuit, Stephenson County, Illinois (hereinafter the "*Wichman* Suit"). A copy of the Complaint in the *Wichman* Suit is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

2. Hartford is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

3. Defendant Berner Food & Beverage, LLC is a limited liability company formed under the laws of the State of Illinois with its principal place of business in Dakota, Illinois. Its members are citizens of Wisconsin and Massachussetts.

4. Defendant Berner Food & Beverage, Inc., f/k/a Berner Foods, Inc. is an Illinois corporation with its principal place of business in Dakota, Illinois.

5. Defendant Wichman is a citizen of Illinois and resides in Stephenson County, Illinois. Wichman is joined solely as an interested party to be bound by the judgment herein.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Hartford is not a citizen of any state in which any of the Defendants are citizens.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves claims for coverage regarding a suit pending within the geographical boundaries of this District and the Defendants all do business and/or reside in this District.

## FACTS

8. Berner demanded defense and indemnity from Hartford as an additional insured under the Hartford Policy (defined below) issued to Grassland Dairy Products, Inc. ("Grassland") as respects Berner's liability in the *Wichman* Suit.

9. The *Wichman* Suit alleges that on or about November 12, 2018 Wichman sustained injuries after he slipped and fell on ice on the loading dock area of the parking lot on Berner's property. *See*, Ex. A, ¶ 5.

10. Hartford denies it owes Berner any defense or indemnity obligations with respect to the claims against it in the *Wichman* Suit.

11. An actual and justiciable controversy exists between parties as to the availability of insurance coverage for Berner with respect to the *Wichman* Suit under the Hartford Policy issued to Grassland. Pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201) this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## HARTFORD POLICY

12. Hartford issued a liability insurance policy to its named insured, Grassland, bearing policy number 83 UEN OH3009 effective from January 1, 2018 to January 1, 2019 ("Hartford Policy"). A copy of the Hartford Policy is attached as Exhibit B.

13. The commercial general liability coverage in the Hartford Policy provides, in part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \*

**SECTION II – WHO IS AN INSURED**

\* \* \*

**5.     Additional Insureds When Required By Written Contract, Written Agreement Or Permit**

The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.

A person or organization is an additional insured under this provision only for that period of time required by the contract or agreement. However, no such person or organization is an insured under this provision if such person or organization is included as an insured by an endorsement issued by us and made a part of this Coverage Part.

\* \* \*

**f.     Any Other Party**

Any other person or organization who is not an additional insured under Paragraphs a. through e. above, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

(1)     In the performance of your ongoing operations;

(2)     In connection with your premises owned by or rented to you; or

(3)     In connection with "your work" and included within the "products-completed operations hazard", but only if

(a)     The written contract or agreement requires you to provide such coverage to such additional insured; and

4

      (b)  This Coverage Part provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard."

*  *  *

14. The Hartford Policy only provides coverage to Berner if it is required to be named as an additional insured pursuant to a written contract with Grassland, and only if Berner's liability for "bodily injury" or "property damage," or "personal and advertising injury" is caused by Grassland's acts or omissions or the acts or omissions of those acting on Grassland's behalf in the performance of Grassland's ongoing operations, or in connection with Grassland's work and included within the "products-completed operations hazard" but only if the written contract requires Grassland to provide such additional insured coverage to Berner and the Hartford Policy provides coverage for "bodily injury" or "property damage" within the "products-completed operations hazard".

15. Berner is not an insured under the Hartford Policy because Berner's liability for the injuries alleged in the *Wichman* Suit was not caused, in whole or in part, by Grassland's acts or omissions or the acts or omissions of those acting on Grassland's behalf in the performance of its ongoing operations.

16. Further, Berner is not an insured under the Hartford Policy because Berner's liability for the injuries alleged in the *Wichman* Suit was not caused, in whole or in part, by Grassland's acts or omissions or the acts or omissions of those acting on Grassland's behalf in connection with Grassland's work and included within the "products-completed operations hazard".

17. Accordingly, Berner is not an additional insured under the Hartford Policy with respect to the *Wichman* Suit.

5

18. Therefore, Hartford has no duty to defend or indemnify Berner for its liability in the *Wichman* Suit.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Berner for the claims against it in the *Wichman* Suit; and

B. For all such just and equitable relief, including costs of this suit.

256055497v.1

        Respectfully submitted,

        HARTFORD FIRE INSURANCE COMPANY

        By:    /s/ Michael J. Duffy
                One of Its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Alexandrea Y. Diaz (alexandrea.diaz@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550; (312) 704-1522 (fax)

256055497v.1