IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) No.: 1:21-cv-50280 |
| | ) |
| BERNER FOOD & BEVERAGE, LLC, BERNER FOOD & BEVERAGE, INC., f/k/a BERNER FOODS, INC., GRASSLAND DAIRY PRODUCTS, INC. | )<br>) Hon. Lisa A. Jensen<br>)<br>)<br>) |
| | ) |
| Defendants. | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, HARTFORD FIRE INSURANCE COMPANY ("Hartford") by its attorneys, Michael J. Duffy and Alexandrea Y. Diaz, of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Amended Complaint for Declaratory Judgment against Defendants Berner Food & Beverage, LLC, Berner Food & Beverage, Inc., f/k/a Berner Foods, Inc. (collectively referred to herein as "Berner" or the "Berner Defendants"), and Grassland Dairy Products, Inc. ("Grassland"), states as follows:

**STATEMENT OF CASE**

1. This action seeks a declaration that Hartford owes no insurance coverage obligations to Grassland in connection with the claims against it in a lawsuit styled as *Adam Wichman v. Berner Food & Beverage, LLC and Berner Food & Beverage, Inc., f/n/a Berner Foods, Inc.,* Case Number 20-L-31, currently pending in the Circuit Court of the Fifteenth Judicial Circuit, Stephenson County, Illinois (hereinafter the "*Wichman* Suit"). A copy of the Complaint in the *Wichman* Suit against the Berner Defendants is attached hereto as Exhibit A and a copy of the Third Party Complaint against Grassland is attached as Exhibit B.

258031930v.1

**JURISDICTION AND VENUE**

2. Hartford is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

3. Defendant Berner Food & Beverage, LLC is a limited liability company formed under the laws of the State of Illinois with its principal place of business in Dakota, Illinois. Its members are citizens of Wisconsin and Massachusetts.

4. Defendant Berner Food & Beverage, Inc., f/k/a Berner Foods, Inc. is an Illinois corporation with its principal place of business in Dakota, Illinois.

5. The Berner Defendants are joined solely as interested parties to be bound by the judgment herein.

6. Defendant Grassland Dairy Products, Inc. is a Wisconsin corporation with its principal place of business in Greenwood, Wisconsin.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Hartford is not a citizen of any state in which any of the Defendants are citizens.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves claims for coverage regarding a suit pending within the geographical boundaries of this District and the Defendants all do business and/or reside in this District.

**FACTS**

9. The *Wichman* Suit alleges that on or about November 12, 2018 Wichman sustained injuries caused by Berner's negligence after he slipped and fell on ice on the loading dock area of the parking lot on Berner's property. *See*, Ex. A, ¶¶ 4-5.

258031930v.1

10. On or about November 14, 2018, Grassland and Berner entered into a Supply Agreement. A true and complete copy of the Supply Agreement is attached as Exhibit C.

11. On or about September 7, 2021, Berner filed a Third Party Complaint against Grassland alleging Gassland breached the Supply Agreement by failing to defend and indemnify Berner, or otherwise hold it harmless, for the claims against Berner for its own negligence in the *Wichman* Suit. Exhibit B.

12. Hartford issued a liability insurance policy to its named insured, Grassland, bearing policy number 83 UEN OH3009 effective from January 1, 2018 to January 1, 2019 ("Hartford Policy"). A true and complete copy of the Hartford Policy is attached as Exhibit C.

13. The commercial general liability coverage in the Hartford Policy provides, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence and settle any claim or "suit" that may result.

    \*   \*   \*

2. **Exclusions**.

3

> This insurance does not apply to:
>
> \* \* \*
>
> b. **Contractual Liability**
>
> > "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages
> >
> > (1) That the insured would have in the absence of the contract; or
> >
> > (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.
>
> \* \* \*
>
> **SECTION V – DEFINITIONS**
>
> \* \* \*
>
> 12. **"Insured contract"** means:
>
> > f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage to a third person or organization, provided the "bodily injury" or property damage is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
>
> \* \* \*

*See,* Exhibit C.

14. Hartford has denied it owes Grassland any defense or indemnity obligations with respect to the claims against it in the *Wichman* Suit.

4

258031930v.1

15. An actual and justiciable controversy exists between parties as to the availability of insurance coverage for Grassland with respect to the *Wichman* Suit under the Hartford Policy issued to Grassland. Pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201) this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## THE CONTRACTUAL LIABILITY
## EXCLUSION PRECLUDES COVERAGE

16. Hartford incorporates and realleges the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

17. The Hartford Policy precludes coverage for claims for damages because of "bodily injury" or "property damage" for which Grassland is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

18. The contractual liability exclusion in Hartford's Policy precludes coverage for Berner's claims against Grassland in the *Wichman* Suit.

19. Therefore, Hartford has no duty to defend or indemnify Grassland for its liability to Berner in the *Wichman* Suit.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company, prays that this Court enter the following relief:

    A.     A declaration finding that Hartford owes no duty to defend or indemnify Grassland for the claims against it in the *Wichman* Suit; and

    B.     For all such just and equitable relief, including costs of this suit.

        Respectfully submitted,

        HARTFORD FIRE INSURANCE COMPANY

        By:    /s/ Michael J. Duffy
                  One of Its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Alexandrea Y. Diaz (alexandrea.diaz@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550; (312) 704-1522 (fax)

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 23. 2021, I electronically filed the aforesaid document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


                                                By:        s/ Michael J. Duffy
                                                           One of the Attorneys for
                                                           Hartford Fire Insurance Company


Michael J. Duffy (6196669)-michael.duffy@wilsonelser.com
Alexandrea Y. Diaz (6335785) alexandrea.diaz@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street – Suite 3800
Chicago, IL 60603
(312) 704-0550

258031930v.1